UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN D.L.R.S.,

          Petitioner,

    v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION CENTER operated
by GEO GROUP, et al.,

          Respondents.

No. 1:25-cv-02055-TLN-AC

**ORDER**

This matter is before the Court on Petitioner Kevin D.L.R.S.'s[1] ("Petitioner") Ex Parte Motion for a Temporary Restraining Order ("TRO").  (ECF No. 2.)  For the reasons set forth below, Petitioner's motion is GRANTED in part.  Petitioner's request for a TRO is GRANTED and Respondents are ORDERED TO SHOW CAUSE why a preliminary injunction should not issue.

///

---

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.  The Clerk of Court is directed to update the docket to reflect this change accordingly.

1

1        **I.    FACTUAL AND PROCEDURAL BACKGROUND**[2]

2        The instant action arises from Petitioner's allegedly unlawful detention.  (*See* ECF No. 2-

3    1.)  Petitioner, his wife, and his children suffered gang-related violence in Guatemala, which

4    forced them to flee to the United States.  (*Id.* at 3.)  In Guatemala, Petitioner's family was

5    targeted by a gang that had also targeted his brother-in-law and pressured him to join.  (*Id.*)  The

6    gang also shot at Petitioner's house, injured his son's leg in an attempt to forcibly recruit him, and

7    Petitioner himself was run over by a motorcycle and threatened with further violence if he did not

8    join the gang.  (*Id.*)  Petitioner fears the gang will kill his family.  (*Id.*)

9        On May 20, 2023, Petitioner, his wife, and his children applied for admission to the

10    United States at the Ysleta Port of Entry in El Paso, Texas.  (*Id.*)  Petitioner was granted parole

11    under § 212(D)(5) of the Immigration and Nationality Act ("INA").  (*Id.*)  On the same day,

12    Petitioner was served with a Notice to Appear for removal proceedings before the Immigration

13    Judge, with his first appearance scheduled for July 17, 2023.  (*Id.*)  Petitioner has complied with

14    all scheduled immigration appearances and filed an application for asylum on November 22,

15    2023.  (*Id.*)

16        Petitioner's criminal history is limited to a single misdemeanor conviction for disturbing

17    the peace by loud noise.  (*Id.* at 4.)  Petitioner completed a one-year probation program, paid a

18    fine, and served two days in jail.  (*Id.*)

19        On October 15, 2025, Petitioner was detained.  (*Id.*)  Since his detention, all three of his

20    children have suffered medical problems due to an inability to receive care without Petitioner's

21    presence.  (*Id.*)  Petitioner is currently being held at the Golden State Annex in McFarlane,

22    California.  (*Id.*)  He has been held for two and a half months without a hearing.  (*Id.*)

23    Petitioner's next hearing is scheduled at the Adelanto Immigration Court on February 13, 2026 at

24    8:30 a.m.  (*Id.*)  Petitioner now challenges the legality of his detention and seeks immediate

25    release.  (*See id.*)

26    ///

27    _____

28    [2]       The instant factual background is taken largely verbatim from Petitioner's brief in support
of his motion for TRO.  (ECF No. 2-1.)

2

## II.    STANDARD OF LAW

For a TRO, courts consider whether a petitioner has established "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner must "make a showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a TRO even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor in order to succeed in a request for a TRO.  *Id.* at 1134–35.

## III.    ANALYSIS[3]

Petitioner argues he has a strong likelihood of success on the merits of his claims, he is suffering irreparable harm, the balance of equities is in his favor, and the public interest is not favored.  (ECF No. 2-1 at 6–9.)  The Court will consider each of these arguments in turn.

### A.    Likelihood of Success on the Merits

Petitioner argues he is likely to succeed on the merits of his INA § 236(a) claim challenging his re-arrest and continued detention without a bond redetermination hearing.  (ECF No. 2-2 at 6.)

///

---

[3]    The Court finds Petitioner has met the requirements for issuing a temporary restraining order without notice.  *See* Fed. R. Civ. P. 65(b).  Petitioner has filed the requisite affidavits and on December 29, 2025, notified Respondents via email that he would be filing the motion.  (ECF No. 2-2 ¶ 3.)  *See R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025) (similarly finding requirements for TRO were met without notice); *Pinchi v. Noem*, No. 25-cv-05632-RML, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025) (same).

INA § 236(a), or 8 U.S.C. § 1226(a) ("§ 1226(a)"), "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the Government has broad discretion whether to release or detain the individual.  *Id.*  Further, § 1226(a) provides several layers of review for an initial custody determination.  *Id.*  It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.

Here, the Court sees no reason not to believe Petitioner's assertion that the Government has failed to provide him with any notice, hearing, or individualized determination before a neutral decisionmaker.  (ECF No. 2-2 at 1, 6.)  Petitioner is subject to § 1226(a) and is therefore entitled to the process that statute requires, including a bond hearing at a minimum.  Accordingly, Petitioner is likely to succeed on the merits of his claim that Respondents have violated the INA and improperly subjected him to mandatory detention without a hearing.

### B.    Irreparable Harm

Petitioner has also established he will suffer irreparable harm in the absence of a TRO.  The Ninth Circuit recognizes "irreparable harms imposed on anyone subject to immigration detention," including "the economic burdens imposed on detainees and their families as a result of detention[.]" *Hernandez*, 872 F.3d at 995.  Such harm is present here.  Petitioner is currently separated from his family, including his three children.  Petitioner asserts that since his detention, "all three of his children have suffered medical problems, including gastrointestinal issues and an exacerbation of KBG syndrome, due to the inability to receive care without Petitioner's presence."  (ECF No. 2-2 at 4.)  Additionally, "his oldest child's mental health has worsened as a result of the trauma caused by the gang violence that forced the family to flee Guatemala." (*Id.*)  This factor is met.

### C.    Balance of Equities and Public Interest

As to the final two *Winter* factors, "[w]hen the government is a party, the analysis of the balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F.

1  Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092

2  (9th Cir. 2014)).  The Court finds these factors also favor Petitioner.  The Court finds persuasive

3  Petitioner's argument that the Government will suffer no substantial harm from a TRO requiring

4  Respondents to follow the law and provide statutorily mandated due process under 8 U.S.C. §

5  1226(a).  (ECF No. 2-1 at 8.)  The Court further agrees with Petitioner that the public interest

6  favors ensuring DHS adheres to statutory requirements to prevent an arbitrary deprivation of

7  liberty and preventing DHS from detaining individuals prior to an individualized determination of

8  risk.  (*Id.*)  Finally, "the Ninth Circuit has recognized that the costs to the public of immigration

9  detention are staggering." *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D.

10  Cal. June 14, 2025) (internal citation omitted).

11      In sum, these last two factors weigh in Petitioner's favor.  Therefore, the Court GRANTS

12  Petitioner's motion for a TRO.  (ECF No. 2.)

13      **IV.    CONCLUSION**

14      Accordingly, IT IS HEREBY ORDERED:

15  1.  Petitioner's Motion for a Temporary Restraining Order (ECF No. 2) is GRANTED in part.

16      Petitioner's request for a TRO is GRANTED.  This Court will rule on the request for a

17      preliminary injunction following the Order to Show Cause described above;

18  2.  Respondents must IMMEDIATELY RELEASE Petitioner Kevin A.D. from custody.

19      Respondents shall not impose any additional restrictions on him, unless such restrictions

20      are determined to be necessary at a future pre-deprivation/custody hearing.

21  3.  Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining

22      Petitioner absent compliance with constitutional protections, including seven-days' notice

23      and a pre-deprivation/custody hearing before a neutral decisionmaker, where the

24      Government shall bear the burden of proving by clear and convincing evidence that

25      Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed

26      to have his counsel present.

27  4.  Respondents are ORDERED TO SHOW CAUSE why this Court should not issue a

28      preliminary injunction continuing this Order.  Respondents shall file responsive papers by

**Tuesday, January 6, 2026**. Petitioner may file a reply, if any, by **Monday, January 12, 2026**. **The parties shall indicate in their briefing whether they waive hearing**. Fed. R. Civ. P. 65(b)(3). The Court will consider any stipulation and proposed order filed by the parties if they agree to a less demanding briefing schedule.

5. Petitioner is ORDERED to immediately serve this Temporary Restraining Order and Order to Show Cause on Respondents at usacae.ecf2241-imm@usdoj.gov. Petitioner shall file proof of such service no later than **9 a.m. on December 31, 2025.**

6. Respondents are hereby notified of their right to apply to the Court for modification or dissolution of the Temporary Restraining Order on two days' notice to Petitioner. Fed. R. Civ. P. 65(b)(4).

7. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).

8. The Clerk of Court is DIRECTED to update the docket to only list Petitioner's first name and last initial.

IT IS SO ORDERED.

Date: December 30, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE