UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN D.L.R.S.,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION CENTER operated by GEO GROUP, et al.,

Respondents.

No. 1:25-cv-02055-TLN-AC

**ORDER**

This matter is before the Court on Petitioner Kevin D.L.R.S.'s ("Petitioner") Motion for a Preliminary Injunction ("PI"). (ECF No. 2.) For the reasons set forth below, the Court GRANTS Petitioner's Motion for a PI.

///

///

///

///

///

///

///

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from Petitioner's allegedly unlawful detention.  (*See* ECF No. 2-1.)  The Court need not recite the factual background here, as it is set forth in full in the Court's December 30, 2025 Order.  (ECF No. 5.)  On December 29, 2025, Petitioner filed a Petition for Writ of Habeas Corpus and a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI").  (ECF Nos. 1, 2.)  On December 30, 2025, the Court granted Petitioner's Motion for a TRO and issued an Order to Show Cause as to why a PI should not issue on the same terms.  (ECF No. 5.)  On January 6, 2025, Respondents filed a response and waived a hearing.  (ECF No. 8.)  On January 12, 2026, Petitioner filed a reply.  (ECF No. 10.)

## II.    STANDARD OF LAW

A preliminary injunction is an extraordinary remedy.  In general, preliminary injunctions are governed by the same standard applicable to temporary restraining orders.  *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at \*1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* E.D. Cal. L.R. 231(a).

For both a TRO and PI, courts consider whether Petitioner has established: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a PI even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, Petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in Petitioner's favor in order to succeed in a request for a preliminary injunction.  *Id.* at 1134–35.

///

### III.    ANALYSIS

In its December 30, 2025 Order granting Petitioner's request for a TRO, the Court found Petitioner is likely to succeed on the merits of his claim that Respondents have violated the INA and improperly subjected him to mandatory detention without a hearing.  (ECF No. 5.)  In response to the Order to Show Cause, Respondents argue that because Petitioner is a citizen and national of Guatemala who is present in the United States unlawfully, he is an "applicant for admission" who is subject to mandatory detention by U.S. Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1225(b)(2)(A), notwithstanding his grant of parole.[1]  (ECF No. 8 at 4.)  In reply, Petitioner maintains Respondents' reading ignores the plain text of the statute, which uses "arriving in the United States" in the present tense.[2]  (ECF No. 10 at 2–3.)

INA § 236(a), or 8 U.S.C. § 1226(a) ("§ 1226(a)"), "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the Government has broad discretion whether to release or detain the individual.  *Id.*  Further, § 1226(a) provides several layers of review for an initial custody determination.  *Id.*  It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by

---

[1]    Respondents also argue Petitioner is not a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.).  (ECF No. 8 at 5.)  In reply, Petitioner does not contest this contention but asserts only that *Maldonado Bautista* confirms that "individuals arrested in the interior with extended residence are detained under § 1226(a), are not arriving aliens, and are therefore ineligible for bond" and his custody "must likewise be evaluated under § 1226(a)."  (ECF No. 10 at 3.)  The Court finds that whether Petitioner is or is not a member of this class to be irrelevant to resolving the question of whether Petitioner is likely to succeed on the merits of his claim that Respondents have violated the INA.

[2]    Petitioner makes two further arguments.  First, Petitioner argues the Ninth Circuit in *Torres v. Barr*, 976 F.3d 918 (9th Cir. 2020) rejected the expansive reading of the INA Respondents advance.  (ECF No. 10 at 2.)  *Torres* did not contend with the § 1225(b)(2) versus § 1226 issue, nor did it consider the general applicability of § 1226(a).  976 F.3d 918.  Accordingly, the Court finds *Torres* is not persuasive authority in the instant matter.  Second, Petitioner also argues his detention is a violation of due process but has not substantively briefed that issue in this motion.  (ECF No. 2-2 at 1; ECF No. 10 at 3.)   The Court has indeed found similarly-situated petitioners who have filed TRO/PI motions were likely to succeed on the merits of their procedural due process claims.  However, because Petitioner fails to fully substantively brief this issue, the Court declines to consider it.

counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.

Courts have "examined the text, structure, agency application, and legislative history of [§] 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases); *see also Maldonado Bautista v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (issuing declaratory relief for a nationwide class vacatur of the July DHS policy as an improper interpretation of the INA).

This Court has already agreed with these well-reasoned and compelling decisions numerous times.  *See, e.g.*, *Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *2 (E.D. Cal. Dec. 11, 2025); *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *F.V.A.V. v. Wofford, et al.*, No. 1:25-cv-01763-TLN-JDP, ECF No. 16 (E.D. Cal. Dec. 19, 2025); *cf. F.S.S.M. v. Wofford*, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *3 (E.D. Cal. Dec. 9, 2025).  Without new facts, reasoning, or a higher court order finding otherwise, this Court will not reconsider its position from prior rulings.

Thus, the Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention under § 1225(b)(2).  Rather, Petitioner is subject to § 1226(a) and statutorily entitled to the processes conferred by that provision.  *See Rodriguez*, 53 F.4th at 1196.  Respondents did not comply with those requirements.  Therefore, as set out in the TRO, Petitioner is likely to succeed on the merits of his claim that Respondents have violated the INA and improperly subjected him to mandatory detention.

4

Respondents do not challenge Petitioner's arguments nor the Court's conclusions with respect to the remaining *Winter* elements.  (*See* ECF No. 8.)  Accordingly, all the *Winter* factors weigh in Petitioner's favor and the Court GRANTS Petitioner's Motion for a PI.  (ECF No. 2.)

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1.  Petitioner's Motion for a PI (ECF No. 2) is GRANTED;

2.  The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011);

3.  Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional and regulatory protections, including notice and a hearing before a neutral fact-finder where: (a) Respondents show there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have his counsel present; and

4.  Pursuant to Local Rule 302(c)(17), future matters pertaining to Petitioner's Motion for Habeas Corpus under 28 U.S.C. § 2241 are automatically referred to the magistrate judge assigned to this matter.

IT IS SO ORDERED.

Date: January 13, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE